UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DE'JUAN THOMAS | CIVIL ACTION |
| VERSUS | NO. 17-1595-EWD |
| SALLY GRYDER, ET AL. | CONSENT CASE |

The parties are hereby advised of the following requirements for the submission of the *Pretrial Order* in this matter.

## I.  PRETRIAL ORDER REQUIREMENTS

Counsel for the Plaintiff(s), with the cooperation and assistance of all other counsel and any unrepresented parties, shall prepare a written *Pretrial Order* in this case to be signed by all counsel of record and then filed with Court.  In the event that there is any disagreement with the content of the *Pretrial Order* or any part thereof, the objecting counsel or party shall attach an *Opposition to the Pretrial Order* prior to its submission to the Court.  An example of a completed *Pretrial Order*, approved as to form for use in this Court, is attached to this Notice.

The *Pretrial Order* shall contain the following information:

1.  The specific statute(s) or other authority upon which federal subject matter **JURISDICTION** is founded and any jurisdictional questions raised by any party.

2.  A list of all pending **MOTIONS**, if any, and specific issues raised in those pending motions.

3.  A *brief* statement of the **CLAIMS OF EACH PLAINTIFF.**

4.  A *brief* statement of the **CLAIMS OF EACH DEFENDANT.**

5.  A *brief* statement of the **CLAIMS OF OTHER PARTIES**, if any.

6.  **FACTS ESTABLISHED** by pleadings or by stipulation of counsel.

7. (a) A list of all **EXHIBITS** (except documents for impeachment only) to be offered in evidence by all parties.

   (b) As to each listed exhibit, a representation that:

   i. There are, or are not, objections to the **AUTHENTICITY** of the exhibit and the reasons therefore; however

   ii. Objections, if any, to the **ADMISSIBILITY** of exhibits need **not** be addressed in the *Pretrial Order*, but will instead be presented to the Court by motions in limine and pretrial memoranda to be filed at a time to be set by the Court at the pretrial conference.

8. (a) List all **WITNESSES** for each party, including their names, addresses, and a brief statement as to the nature of their expected testimony together with a representation whether they **WILL** be called to testify or **MAY** be called to testify.

   (b) **WILL CALL** witnesses shall be produced or subpoenaed by the party listing them and made available during the trial in order that such witnesses may be available to opposing counsel as witnesses even if not actually called upon to testify by the party so listing them. A party shall not release a will call witness without the express written or on-the-record consent of the other party. This is intended to eliminate the necessity of opposing counsel having to subpoena the same witnesses who are being voluntarily produced or subpoenaed by the party listing them as "will call" witnesses.

   (c) **MAY CALL** witnesses shall be listed on the *Pretrial Order*, but there is no obligation on the party listing a "may call" witness to have that witness subpoenaed and present for the trial.

   (d) The parties shall designate which of the witnesses, if any, will testify by **WRITTEN OR VIDEOTAPE DEPOSITIONS.** Where written or video depositions are to be used, the parties shall designate for the Court and all other parties those portions of the deposition which are to be read or shown to the jury not later than twenty-one (21) days prior to trial. Only those portions of the deposition which are necessary to a party's case shall be read or played to the jury. Where a video deposition is used, the parties shall file into evidence a written transcript of the deposition. Videotape depositions to be used during trial must be edited to a *MAXIMUM OF THIRTY (30) MINUTES.* Depositions to be introduced or read at trial must be excerpted to a *MAXIMUM OF THIRTY (30) PAGES*. A reader must be provided by the party who intends to have a transcript read during trial.

      (e)      Objections contained within written or videotaped depositions shall be edited out of the tape or transcript. Any deposition objections which require a ruling by the Court shall be submitted to the Court fourteen (14) days prior to trial.

9. State any **AMENDMENTS** to the pleadings and what objections, if any, there may be to any proposed amendments.

10. State any **ADDITIONAL MATTERS** which may aid in the disposition of the case, including, e.g., settlement possibilities, whether the parties wish to engage in an arbitration, mediation, or court facilitated settlement conference, and an estimate of the probable length of the trial.

11. State whether this matter is a jury or a non-jury trial.

12. Estimate the length of time each side requires for the presentation of their evidence.

13. Except for good cause shown, only exhibits and witnesses listed in the *Pretrial Order*, or permitted to be listed in an amendment to the *Pretrial Order*, shall be admitted in evidence or allowed to testify.

## II. ADDITIONAL INSTRUCTIONS

1. *JOINT JURY INSTRUCTIONS/INTERROGATORIES.* The parties in a jury case shall file with the Clerk of Court joint jury instructions are to be filed by the deadline contained in the operative scheduling order. The term "joint jury instructions" shall be construed to include a joint verdict or interrogatory form. **NO SEPARATE FILINGS** are allowed as to the joint jury instructions and interrogatories - **all submissions must be joint** with disagreements footnoted with case authority and pinpoint citations. All pattern instructions taken from the latest Edition of the 5th Circuit Pattern Instructions may be referenced by number and edition used.

2. Please be advised that Courtroom 5 is a fully equipped electronic courtroom. Any exhibits used at trial shall be presented by a laptop connection or by conventionally presenting exhibits using the electronic document camera. Counsel shall contact Judge Wilder-Doomes' Courtroom

Deputy, Brandy Lemelle Route at (225) 389-3584, so that training in the use of this equipment can be scheduled and completed prior to trial.

    Signed in Baton Rouge, Louisiana, on June 14, 2018.

                                      **ERIN WILDER-DOOMES**
                                      **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PLAINTIFF, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-000-RLB** |
| **DEFENDANT, ET AL.** | **CONSENT CASE** |

# UNIFORM PRETRIAL ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Pretrial Conference was conducted in this proceeding by Richard L. Bourgeois, Jr., United States Magistrate Judge, on the ____ day of _____, 201_.

**PRESENT:**

Appeared as Trial Counsel for Plaintiff(s):

Appeared as Trial Counsel for Defendant(s):

**1. JURISDICTION**

This Court has subject matter jurisdiction in this proceeding under the provisions of 28 USC §1332.  The Plaintiff is a citizen of the State of Louisiana and the Defendant is a citizen of the State of Illinois and the amount in controversy exceeds, exclusive of interest and costs, the necessary jurisdictional amount.

## 2. MOTIONS

There are no pending motions. The Defendant will file a *Motion in Limine* to exclude certain photographs from evidence at trial on the basis that they are unnecessarily gruesome and unlikely to assist the jury in resolving any disputed issues of fact.

## 3. PLAINTIFF'S CLAIMS

The Plaintiff claims that he was seriously injured in an automobile accident in Baton Rouge, Louisiana, on October 19, 1996, and that the accident was caused by the negligence and fault of the Defendant driver who ran into the rear of the Plaintiff's automobile after he had stopped for a red light. The Plaintiff also contends that his injuries in the accident required a long period of hospitalization and made it impossible for him to return to his regular employment as a truck driver for six months, all of which resulted in significant loss of income and out-of-pocket medical and hospital expenses.

## 4. DEFENDANT'S CLAIMS

The Defendant denies that he was negligent or otherwise at fault for the occurrence of the accident for which the Plaintiff has filed suit, and also claims that the Plaintiff had serious health problems for many years prior to the accident and that these problems were not caused or aggravated by any injuries he sustained in the accident.

## 5. CLAIMS OF OTHER PARTIES

None.

## 6. ESTABLISHED FACTS

(1) The Plaintiff and Defendant were involved in an automobile accident in Baton Rouge, Louisiana, on October 19, 1996.

(2) The Plaintiff was hospitalized in the Baton Rouge General Hospital from October 19, 1996 to November 30, 1996.

(3) The Plaintiff incurred medical and hospital expenses of $63,480 from October 19, 1996 to March 30, 1997.

## 7. EXHIBITS

(a) Plaintiff's Exhibits:

| EXHIBIT NO. | DESCRIPTION | Grounds for Objection to Authenticity |
|---|---|---|
| Exhibit 1 | Photograph of Defendant at scene following accident | Stipulated |
| Exhibit 2 | Photograph of accident scene | Objection to authenticity: no evidence of date, time and identity of photographer |
| Exhibit 3 | Automobile Insurance Policy | Stipulated |
| Exhibit 4 | Medical Records of Plaintiff from Baton Rouge General | Stipulated |
| Exhibit 5 | Medical Records of Plaintiff from Acadian Ambulance | Stipulated |

(b) Defendant's Exhibits:

| EXHIBIT NO. | DESCRIPTION | Grounds for Objection to Authenticity |
|---|---|---|
| Exhibit 1 | Photograph of damage to Defendant's vehicle | Stipulated |
| Exhibit 2 | Photograph of accident scene | Objection to authenticity: does not accurately depict the scene of accident |

### 8. WITNESSES

(a) Plaintiff's WillCall Witnesses:

    (1) Paul Plaintiff
        125 Mulberry Street
        Baton Rouge, Louisiana

        Plaintiff will testify about the accident and his injuries.

    (2) Paulette Plaintiff
        125 Mulberry Street
        Baton Rouge, Louisiana

        Plaintiff's wife will testify about her husband's injuries.

    (3) Walter Witness
        128 Mulberry Street
        Baton Rouge, Louisiana

        This is an eyewitness who will testify about the accident.

    (4) Dr. Tom Terry
        350 Medical Plaza
        Baton Rouge, Louisiana

        The Plaintiff's treating physician will testify about his injuries.

    (5) Edwin Employer
        ABC Manufacturing
        150 Industrial Boulevard
        Baton Rouge, Louisiana

        The Plaintiff's employer will testify about his lost wages.

    (6) Danny Defendant
        140 Elm Street
        Baton Rouge, Louisiana

        The Defendant will testify about how the accident occurred under cross-examination.

(b)    Plaintiff's MayCall Witnesses:

    (1)    Virginia Smith
           165 Sharp Road
           Baton Rouge, Louisiana 70815

        Plaintiff's neighbor may testify about Plaintiff's activities prior to and after the accident.

(c)    Defendant's WillCall Witnesses:

    (1)    Danny Defendant
           125 Mulberry Street
           Baton Rouge, Louisiana

        Defendant will testify about the accident.

    (2)    Paul Plaintiff
           125 Mulberry Street
           Baton Rouge, Louisiana

        Plaintiff will testify about the accident and his injuries under cross-examination.

    (3)    William Witness
           130 Mulberry Street
           Baton Rouge, Louisiana

        This is an eyewitness and will testify about the accident.

    (4)    Dr. John Smith
           Ascension General Hospital
           290 Worthy Road
           Gonzales, Louisiana

        The Plaintiff's former treating physician will testify about his health prior to and after the accident.

(5) Sgt. Tom Trooper
Baton Rouge Police Department
Baton Rouge, Louisiana

Sgt. Trooper will testify about his investigation of the accident.

## 9. AMENDMENTS

None.

## 10. ADDITIONAL MATTERS

1. This matter is designated as a **jury** trial.

2. The parties estimate the case can be tried in one day and have considered the possibility of settlement.

3. Plaintiffs presentation of evidence will require 1 day (or you may denote hours). Defendants presentation will require 4 hours.



_____   _____
**DATE**                          **ATTORNEY FOR PLAINTIFF**

_____   _____
**DATE**                          **ATTORNEY FOR DEFENDANT**