**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DE'JUAN THOMAS** | : | **CIVIL ACTION** |
| | : | **NO. 17-1595-SDD-EWD** |
| **VERSUS** | | |
| | : | **JUDGE SHELLY D. DICK** |
| **SALLY GRYDER, ET AL.** | : | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO MOTION TO DEEM RFAs ADMITTED**

**NOW INTO COURT**, through undersigned Assistant Attorney General, comes Defendants, Secretary James LeBlanc, Warden Jerry Goodwin, and Sally Gryder, who oppose plaintiff's motion for the following reasons.

### I.   PROCEDURAL HISTORY

Plaintiff's counsel propounded voluminous discovery requests on Defendants on March 22, 2018. Plaintiff's discovery requests included 50 requests for production of documents, 14 interrogatories to Sec. LeBlanc, 11 interrogatories to Warden Goodwin, 20 interrogatories to Ms. Gryder, and 45 requests for admissions. Plaintiff's discovery requests were also accompanied by Exhibit A through T, which comprised of 500+ pages of documents. Several of Plaintiff's discovery requests required the exhibits be reviewed in order to answer the request. At issue in the instant motion are the requests for admissions. Defendants submitted responses to all 45 of the Plaintiff's requests for admission on July 26, 2018. Pursuant to Federal Rule of Civil Procedure Rule 36(b), Defendants have filed a Motion to Withdraw or Amend Admissions.[1]

---

[1] Rec. Doc. 31.

## II.     LAW & ANALYSIS

Federal Rule of Civil Procedure Rule 36(a)(3) states that, "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."[2]  Though there is no limit to the number of requests for admission that can be served on a party by FRCP Rule 36, Local Civil Rule 36(b) for the Middle District limits the number of requests for admission to "25 requests for admission in the aggregate without leave of Court."[3]  Plaintiff has not filed a motion for leave of Court setting forth the proposed additional requests for admission and he has not asserted any reasons establishing good cause for their use, as required by the local rule.[4]  Thus, even though Plaintiff propounded 45 requests for admission, only the first 25 requests for admission are at issue, because Plaintiff did not have leave of court to propound requests numbers 26-45.

FRCP Rule 36(b) states that, "a matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[5] "Because Rule 36 is self-executing, all of the requests are deemed admitted by default and an order deeming the requests admitted is unnecessary."[6] "[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."[7] Rule 36(b) allows the court to "permit withdrawal or amendment if it would promote the presentation of the merits of the

---

[2] Federal Rules of Civil Procedure Rule 36.
[3] LAMD Local Civil Rule 36(b).
[4] *Id.*
[5] FRCP Rule 36. See also *Gauthe v. Mercer*, No. 15-26-BAJ-RLB, 2015 U.S. Dist. LEXIS 121223, at 7 (M.D. La. Sep. 11, 2015).
[6] *Gauthe v. Mercer*, No. 15-26-BAJ-RLB, 2015 U.S. Dist. LEXIS 121223, at *6 (M.D. La. Sep. 11, 2015)
[7] *Gauthe v. Mercer*, at 7.

action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[8]

In the instant suit, Plaintiff propounded the requests for admission on March 22, 2018. Upon realizing the deadline for submitting responses to the requests for admission had passed, undersigned counsel worked with Defendants in responding to the requests for admission. Doing so took some time, as the Defendants were also working on gathering information on the many other discovery requests. The responses for all three defendants, even to requests numbers 26-45 which were sent to defendants without leave of court, were submitted to plaintiff's counsel on July 27, 2018. Though Defendants admit that their responses to the requests for admissions were untimely, Defendants assert that 1) allowing the defendants to withdraw the deemed admissions would promote the presentation of the merits of this action, and 2) Plaintiff is not prejudiced by the withdrawal of the deemed admissions.

Plaintiff has propounded voluminous discovery requests to Defendants, the nature of which has taken time to gather and assess the requested information and respond accordingly. Should the admissions be deemed admitted, the admissions would be contradictory to the Defendants responses to the other voluminous discovery requests from Plaintiff. In fact, many of the other discovery responses address substantively the requests for admissions. For example, Plaintiff's Request for Admission No. 17 states, "The bill of information is not among the documents that DOC employees are directed to consult in computing offender release dates." Ms. Gryder denied this admission stating, "The Bill of Information provided critical information needed to calculate offender release dates."[9] However, if the admission was deemed admitted it would be in direct conflict to the information sought and provided to Plaintiff's Interrogatory No.

---

[8] *Id.*
[9] Rec. Doc. 29-11, page 5.

9, which states, " Identify all statutes, regulation, policies, directives, guides, manuals, or other sources…that indicate that the sequence of counts in the sentencing order should match the bill of information." Ms. Gryder's response to Interrogatory No. 9 directs Plaintiff to the answer in Interrogatory No. 5, which references several DOC regulations and DWCC policies, but also further answers that, "the Bill of Information is critical to calculating prison release dates because it contains such information as the offense date, victim information – particular for minors and/or victims of sexual offenses, and to confirm that what the offender was charged with was also what he was convicted and/or sentenced for. In addition, the sentence minutes and/or sentence order does not always include the statute the offender is sentenced under, and that information can be found on the Bill of Information."[10]

Furthermore, deeming the requests for admissions admitted would obviate the need for any other discovery to continue. Thus, allowing Defendants to withdraw the deemed admissions would promote the presentation of the merits of this action.

Plaintiff cannot show that he is prejudiced by the withdrawal of the deemed admissions. Discovery is still proceeding in this case and fact discovery does not close until October 1, 2018.[11] The dispositive motion deadline is April 1, 2019.[12] Trial is set for October 21, 2019, over a year from now.[13] Plaintiff still has a substantial amount of time, approximately two months, to challenge any requests for admission denied by Defendants through the remaining discovery period. In fact, to date Plaintiff has made no effort to set depositions in this matter yet there is still plenty of time in which to do so.

---

[10] Exhibit A, page 5.
[11] Rec. Doc. 21.
[12] *Id.*
[13] Rec. Doc. 26.

Ultimately, since Rule 36 is self-executing, as this Honorable Court has previously pointed out in *Gauthe v. Mercer*, Plaintiff's motion is not necessary. The onus is on the party responding to the admissions to request that the admissions be withdrawn or amended. Defendants have filed their own Motion to Withdraw or Amend Admissions in accordance with FRCP Rule 36.[14]

### III. CONCLUSION

For the foregoing reasons, Defendants, Secretary James LeBlanc, Warden Jerry Goodwin, and Sally Gryder, request that this Honorable Court deny Plaintiff's motion.

Respectfully submitted,

**JEFF LANDRY
ATTORNEY GENERAL**

BY: */s/ Bailey Adams Juhas*
Bailey Adams Juhas, La. Bar No. 34234
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: JuhasB@ag.louisiana.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 31st day of July, 2018 the foregoing was filed electronically with the Clerk of Court by using the NextGen CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

*/s/ Bailey Adams Juhas*
Bailey Adams Juhas
Assistant Attorney General

---

[14] Rec. Doc. 31.