## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DE'JUAN THOMAS | : | CIVIL ACTION |
| | : | NO. 17-1595-EWD (BY CONSENT) |
| VERSUS | | |
| | : | MAGISTRATE JUDGE |
| | | ERIN WILDER-DOOMES |
| SALLY GRYDER, ET AL. | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER AND AFFIRMATIVE DEFENSES WITH JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, come defendants, Secretary James LeBlanc, Warden Jerry Goodwin, and Sally Gryder, who, in answering Plaintiff's *Complaint*,[1] deny each and every allegation asserted against them therein, except those that may be hereinafter admitted, and further respectfully respond as follows:

### AFFIRMATIVE DEFENSES

#### FIRST DEFENSE - FAILURE TO STATE A CLAIM

Plaintiff has failed to state a claim upon which relief can be granted because there are insufficient factual allegations indicating that defendants violated any of Plaintiff's rights under applicable federal and state laws.

#### SECOND DEFENSE – QUALIFIED IMMUNITY

Defendants LeBlanc, Goodwin, and Gryder are entitled to qualified immunity, as they acted objectively reasonable under the law at all times.

#### THIRD DEFENSE- ATTORNEYS' FEES

Plaintiff is not entitled to recover for attorneys' fees or costs associated with this litigation.

---

[1] R. Doc. 1-2.

**FOURTH DEFENSE- MITIGATION OF DAMAGES**

Plaintiff has failed to use reasonable care and diligence in an effort to minimize or avoid the damages allegedly incurred.

**FIFTH DEFENSE - COMPARATIVE FAULT**

If defendant is found to have violated the plaintiff's rights and is not entitled to the defense of qualified or discretionary immunity, then the plaintiff, through intentional and negligent acts and failure to act as a reasonable person, contributed to his own injuries or damages.

**SIXTH DEFENSE - STATUTORY LIMITATIONS OF LIABILITY**

Defendants specifically plead the statutory limitations of liability contained in Louisiana Revised Statute §13:5106, and §13:5112, as well as any other statutory or jurisprudential limitation of liability, cost and/or interest available to them under law.

## ANSWER

**AND NOW**, in answer to the *Complaint* of De'Juan Thomas,[2] the appearing defendants deny each and every allegation therein except as hereafter expressly admitted and further respectfully responds as follows:

1.

Paragraph 1 is denied for lack of sufficient information to justify a belief therein. To the extent that Plaintiff alleges that he was illegally imprisoned by defendants, Paragraph 1 is denied. Defendants further deny any inferences and/or allegations of liability.

---

[2] R. Doc. 1.

2.

Paragraph 2 is denied. Defendants further deny any inferences and/or allegations of liability.

3.

Paragraph 3 is admitted.

4.

Paragraph 4 is admitted.

5.

Paragraph 5 is admitted.

6.

Paragraph 6 is admitted.

7.

Paragraph 7 is denied. Defendant Gryder specifically denies any inferences and/or allegations of liability.

8.

Paragraph 8 is denied as written. However, Paragraph 8 is admitted insofar that the minute entry was changed to reflect a sentence of five years for Plaintiff's sexual battery conviction.

9.

Paragraph 9 is admitted.

10.

Paragraph 10 is denied for lack of sufficient information to justify a belief therein.

11.

Paragraph 11 is denied. Defendant Gryder specifically denies any inferences of liability.

12.

Paragraph 12 is admitted insofar as Judge Bosworth issued an order saying that "[t]he defendants' assertions are correct with regard to his sentence." However, Paragraph 12 is denied insofar as Plaintiff alleges that he showed this Order to Ms. Gryder.  Paragraph 13 is denied in all other respects. Defendant Gryder specifically denies any inferences and/or allegations of liability.

13.

Paragraph 13 is admitted insofar as to the contents of the court transcript from January 25, 2013. Paragraph 13 is denied insofar as Plaintiff alleges that Defendant Gryder refused to change his release date. All other allegations are denied for lack of sufficient information to justify a belief therein.

14.

Paragraph 14 is admitted insofar as Plaintiff was released from David Wade Correctional Center on January 13, 2017. All other allegations are denied as written. The Defendants specifically deny any inferences and/or allegations of liability.

15.

Paragraph 15 denied for lack of sufficient information to justify a belief therein.

16.

Paragraph 16 calls for a legal conclusion and does not require an answer. To the extent an answer is required, Paragraph 16 is denied. The defendants specifically deny any inferences and/or allegations of liability.

17.

Paragraph 17 calls for a legal conclusion and does not require an answer. To the extent an answer is required, Paragraph 17 is denied insofar as the "legal analysis" enumerated in paragraph

16 is applicable in this case. The defendants specifically deny any inferences and/or allegations of liability.

18.

Paragraph 18 is denied. Defendant LeBlanc specifically denies any allegations and/or inferences of liability.

19.

Paragraph 19 is admitted insofar as it describes the relief sought by the *Complaint.* The "timeline" offered in Paragraph 19 is specifically denied insofar as it (1) states that Plaintiff's imprisonment was unconstitutional and/or illegal, (2) states that Defendant Gryder "decides to overrule Judge Marullo, and changes De'Juan's sentence to 5 years," (3) that Defendant Gryder "refuses to change the release date," (4) that Plaintiff received the sentencing transcript on November 17, 2016, (5) that Plaintiff showed the sentencing transcript to DOC officials on November 17, 2016, and (6) that "DOC official "acknowledges problem" on December 21, 2016.

The Defendants specifically deny any inferences and/or allegations of liability.

20.

Paragraph 20 is admitted insofar as this Court has jurisdiction over the claims currently before the Court.

21.

Paragraph 21 is admitted insofar as the Middle District of Louisiana is a proper venue for this action.

22.

Paragraph 22 is denied for lack of sufficient information to justify a belief therein.

23.

Paragraph 23 is admitted insofar as defendant Gryder is employed in the Records Department at David Wade Corrections Center. Defendant Gryder denies any inferences and/or allegations of liability.

24.

Paragraph 24 is admitted insofar as Defendant LeBlanc is the Secretary for the Louisiana Department of Corrections. The remainder of Paragraph 25 is denied as written. Defendant LeBlanc denies any inferences and/or allegations of liability.

25.

Paragraph 25 is admitted insofar as Defendant Goodwin is the Warden for David Wade Correctional Center. The remainder of Paragraph 25 is denied as written. Defendant Goodwin denies any inferences and/or allegations of liability.

26.

Paragraph 26 is denied. Defendants deny any inferences and/or allegations of liability.

27.

Paragraph 27 is denied. Defendants deny any inferences and/or allegations of liability.

28.

Paragraph 28 is admitted insofar as the sequence of charges listed in the bill of information. Paragraph 28 is denied for lack of sufficient information to justify a belief therein in respect to the date of the institution of the charges.

29.

Paragraph 29 is admitted.

30.

Paragraph 30 is admitted.

31.

Paragraph 31 is admitted.

32.

Paragraph 32 is admitted insofar as the contents of the sentencing order.

33.

Paragraph 33 is admitted insofar as Mr. Thomas was transferred to David Wade Correctional Center. All other allegations are denied for lack of sufficient information to justify a belief therein. Defendants deny any inferences and/or allegations of liability.

34.

Paragraph 34 is admitted insofar as Plaintiff's initial calculated release date was June 5, 2015.

35.

Paragraph 35 is admitted. Defendants deny any inferences and/or allegations of liability.

36.

Paragraph 36 is denied. Defendant Gryder denies any inferences and/or allegations of liability.

37.

Paragraph 37 is denied.

38.

Paragraph 38 is admitted insofar as it contains a direct quote from DPS&C Regulation No. B-04-001 §12(A). All inferences and/or allegations of liability are specifically denied.

39.

Paragraph 39 is denied. Defendant Gryder specifically denies any inferences and/or allegations of liability.

40.

Paragraph 40 is denied as written. Defendants deny any inferences and/or allegations of liability.

41.

Paragraph 41 is admitted insofar as the sentencing minutes were amended to reflect a sentence of five years for sexual battery. Defendants deny any inferences and/or allegations of liability.

Additionally, the description and substance of the illustration "fig. 2" is denied for lack of sufficient information to justify a belief therein.

42.

Paragraph 42 is admitted insofar as Defendant Gryder spoke to Plaintiff regarding his sentence. All other allegations are denied for lack of sufficient information to justify a belief therein. Defendant Gryder specifically denies any inferences and/or allegations of liability.

43.

Paragraph 43 is denied for lack of sufficient information to justify a belief therein.

44.

Paragraph 44 is denied for lack of sufficient information to justify a belief therein. Defendants deny any inferences and/or allegations of liability.

45.

Paragraph 45 is admitted.

46.

Paragraph 46 is denied for lack of sufficient information to justify a belief therein.

47.

Paragraph 47 is denied for lack of sufficient information to justify a belief therein. However, defendants deny any inferences and/or allegations of liability.

48.

Paragraph 48 is denied as written. Defendant Gryder specifically denies any inferences and/or allegations of liability.

49.

Paragraph 49 is denied for lack of sufficient information to justify a belief therein.

50.

Paragraph 50 is admitted.

51.

Paragraph 51 is denied for lack of sufficient information to justify a belief therein.

52.

Paragraph 52 is denied for lack of sufficient information to justify a belief therein.

53.

Paragraph 53 is denied for lack of sufficient information to justify a belief therein.

54.

Paragraph 54 is denied for lack of sufficient information to justify a belief therein.

55.

Paragraph 55 is denied for lack of sufficient information to justify a belief therein.

56.

Paragraph 56 is denied for lack of sufficient information to justify a belief therein.

57.

Paragraph 57 is denied for lack of sufficient information to justify a belief therein.

58.

Paragraph 58 is denied as written.

59.

Paragraph 59 is denied for lack of sufficient information to justify a belief therein.

60.

Paragraph 60, including illustration "Fig. 3," is denied for lack of sufficient information to justify a belief therein.

61.

Paragraph 61 is admitted insofar as Judge Bosworth issued an order stated that "[t]he defendant's assertions are correct with regard to his sentence." All other allegations are denied for lack of sufficient information to justify a belief therein.

62.

Paragraph 62 is denied. Defendant Gryder specifically denies any allegations and/or inferences of liability.

63.

Paragraph 63 is denied. Defendant Gryder specifically denies any allegations and/or inferences of liability.

64.

Paragraph 64 is denied for lack of sufficient information to justify a belief therein.

65.

Paragraph 65 is admitted insofar as Plaintiff filed an Administrative Remedy Procedure (ARP) in November 2016. Paragraph 65 is denied insofar as Plaintiff alleges sent multiple letters, attempted to meet with Defendant Gryder, and that she was unresponsive. Defendant Gryder specifically denies any inferences of liability.

All other allegations in Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

66.

Paragraph 66 is denied as written. The defendants specifically deny any allegations and/or inferences of liability.

67.

Paragraph 67 is admitted insofar as the criminal district court entered am amended minute entry to reflect the original sentence passed on January 25, 2013. Paragraph 67 is denied insofar as it alleges that Defendant Gryder "procured" a minute entry.

68.

Paragraph 68 is denied for lack of sufficient information to justify a belief therein.

69.

Paragraph 69 is admitted insofar as Plaintiff was released from David Wade on January 13, 2017. All other allegations are denied as written. The defendants specifically deny any allegations and/or inferences of liability.

70.

Paragraph 70 is denied for lack of sufficient information to justify a belief therein. The defendants specifically deny any allegations and/or inferences of liability.

71.

Paragraph 71 is denied. Defendant LeBlanc specifically denies any allegations and/or inferences of liability.

72.

Paragraph 72 is admitted insofar as the Louisiana Legislative Auditor released a report entitled "Management of Offender Data: Processes for Ensuring Accuracy," and as to the direct quote that contained within the Legislative Auditor's Report. The defendants specifically deny any allegations and/or inferences of liability.

73.

Paragraph 73 is admitted as to the contents of the report by the Louisiana Legislative Auditor. The defendants specifically deny any allegations and/or inferences of liability.

74.

Paragraph 74 is denied. The defendants specifically deny any allegations and/or inferences of liability.

75.

Paragraph 75 is denied. The defendants specifically deny any allegations and/or inferences of liability.

76.

Paragraph 76 is denied as written.

77.

Paragraph 77 is denied as written. Defendants specifically assert that jurisprudence outside of the Fifth Circuit is not controlling and/or precedential.

78.

Paragraph 78 is denied as written. Furthermore, Defendants specifically assert that jurisprudence outside of the Fifth Circuit is not controlling and/or precedential.

79.

Paragraph 79 is admitted insofar as a prisoner's due process rights extends to earned good time credits.

80.

Paragraph 80 is admitted insofar that Plaintiff's correct release date was June 5, 2015. However, Defendant Gryder specifically denies that any "incorrect belief" was based on the sequence of charges or the bill of information. Defendant Gryder specifically denies any allegations and/or inferences of liability.

81.

Paragraph 81 is denied. The defendants specifically deny any allegations and/or inferences of liability.

82.

Paragraph 82 is denied. The defendants specifically deny any allegations and/or inferences of liability.

83.

Paragraph 83 is denied. The defendants specifically deny any allegations and/or inferences of liability.

84.

Paragraph 84 is denied as written. The defendants specifically deny any allegations and/or inferences of liability.

85.

Paragraph 85 is denied. The defendants specifically deny any allegations and/or inferences of liability.

86.

Paragraph 86 is denied. The defendants specifically deny any allegations and/or inferences of liability.

87.

Paragraph 87 is denied. The defendants specifically deny any allegations and/or inferences of liability.

88.

Paragraph 88 is denied. The defendants specifically deny any allegations and/or inferences of liability.

89.

Paragraph 89 is denied. The defendants specifically deny any allegations and/or inferences of liability.

90.

Paragraph 90 is admitted insofar as it contains a direct quote of the Louisiana Constitution of 1974.

91.

Paragraph 91 is denied. The defendants specifically deny any allegations and/or inferences of liability.

92.

Paragraph 92 is denied. The defendants specifically deny any allegations and/or inferences of liability.

93.

Paragraph 93 is denied. The defendants specifically deny any allegations and/or inferences of liability.

94.

Paragraph 94 is denied as written. The defendants specifically deny any allegations and/or inferences of liability.

95.

Paragraph 95 is denied. The defendants specifically deny any allegations and/or inferences of liability.

96.

Paragraph 96 is denied. The defendants specifically deny any allegations and/or inferences of liability.

97.

Paragraph 97 is denied. The defendants specifically deny any allegations and/or inferences of liability.

98.

Paragraph 98 is denied. The defendants specifically deny any allegations and/or inferences of liability.

99.

Paragraph 99 is denied as written. The defendants specifically deny any allegations and/or inferences of liability.

100.

Paragraph 100 is denied. The defendants specifically deny any allegations and/or inferences of liability.

101.

Paragraph 101 is denied. The defendants specifically deny any allegations and/or inferences of liability.

102.

Paragraph 102 is denied. The defendants specifically deny any allegations and/or inferences of liability.

103.

Paragraph 103 is denied. The defendants specifically deny any allegations and/or inferences of liability.

104.

Paragraph 104 is denied. The defendants specifically deny any allegations and/or inferences of liability.

105.

Paragraph 105 is denied. The defendants specifically deny any allegations and/or inferences of liability.

106.

Paragraph 106 is denied. The defendants specifically deny any allegations and/or inferences of liability.

107.

Paragraph 107 is denied. The defendants specifically deny any allegations and/or inferences of liability.

108.

Paragraph 108 is denied. The defendants specifically deny any allegations and/or inferences of liability.

109.

Paragraph 109 is denied. The defendants specifically deny any allegations and/or inferences of liability.

110.

Paragraph 110 is admitted insofar as it contains a direct quote from a Fifth Circuit case. Defendants dispute the legal significance of this quote, however, or that there are liable onto Plaintiff.

111.

Paragraph 111 is denied. The defendants specifically deny any allegations and/or inferences of liability.

112.

Paragraph 112 is denied. The defendants specifically deny any allegations and/or inferences of liability.

113.

Paragraph 113 is denied. The defendants specifically deny any allegations and/or inferences of liability.

114.

Paragraph 114 is denied. The defendants specifically deny any allegations and/or inferences of liability.

115.

Paragraph 115 is denied. The defendants specifically deny any allegations and/or inferences of liability. Defendants further assert that Plaintiff is not entitled to any relief from them.

**IN FURTHER ANSWERING:**

116.

Defendants specifically deny any and all relief prayed for by the plaintiff.

117.

Defendants are entitled to and request a trial by jury on all triable issues.

**WHEREFORE,** defendants, Secretary James LeBlanc, Warden Jerry Goodwin, and Sally Gryder pray that, after due proceedings are had, including trial by jury, that judgment be rendered in their favor, dismissing Plaintiff's complaint at his cost.

*Signature Block on Next Page*

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:    /s/ *James G. Evans*
        James "Gary" Evans (#35122)
        Assistant Attorney General
        **Louisiana Department of Justice**
        Litigation Division, Civil Rights Section
        1885 North Third Street, 4th Floor
        Post Office Box 94005 (70804-9005)
        Baton Rouge, Louisiana 70802
        Telephone:    225-326-6300
        Facsimile:    225-326-6495
        E-mail:    evansj@ag.louisiana.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the November 19, 2018, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

/s/ *James G. Evans*
James G. Evans

19