UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DE'JUAN THOMAS,<br><br>                    Plaintiff,<br>v.<br><br>SALLY GRYDER, JAMES LEBLANC, JERRY GOODWIN, DOES 1-10,<br><br>                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) | 3:17-cv-01595-SDD-EWD |

**Plaintiff's Statement of Material Facts in Support of Summary Judgment**

| Fact # | Plaintiff's Material Facts | Defendant's Response |
|---|---|---|
| 1 | On January 25, 2013, when Mr. Thomas plead guilty in Orleans Criminal District Court and was sentenced on three charges. Judge Marullo sentenced Mr. Thomas to:<br>• Five years for sexual malfeasance;<br>• Two years for sexual battery; and<br>• Five years for second degree kidnapping.[1] | |
| 2 | All charges were to be served concurrently, with credit for time served. The sentence was correctly recorded on a Sentence of Court form signed by Judge Marullo, transcribed by a court reporter, and entered into the minutes of court.[2] | |
| 3 | For the next two years, Mr. Thomas served his sentence at the David Wade Correctional Center. He took classes in prison and earned good time credit. Two of his charges (malfeasance and kidnapping, but not sexual battery) were eligible for sentence reductions based on the classes and good time credit. Combined with credit for the time he served in pre-trial detention, the DOC calculated that he was entitled to be released on June 5, 2015, and entered this into his DOC record.[3] | |
| 4 | By June 5, 2015, Mr. Thomas would have completed the full two year sentence for his sexual battery charge, and would be eligible for early release | |

---

[1] R. Doc 46 (Answer) at ¶ 3 ("Paragraph 3 is admitted.")

[2] *Id*. at ¶ 4 ("Paragraph 4 is admitted.")

[3] *Id*. at ¶ 5 ("Paragraph 5 is admitted.")

1

|    |    |    |
|----|----|----|
|    | on the other charges due to his classes, good time credit, and credit for time served.[4] |    |
| 5  | In 2015, shortly before he was due to be released, Ms. Sally Gryder, a Records Department Clerk at David Wade, found what appeared to be a discrepancy between the sentencing order signed by Judge Marullo and the District Attorney's Bill of Information.[5] |    |
| 6  | Because sexual battery is not entitled to good time credit, Ms. Gryder told Mr. Thomas that he would not be released until February 28, 2017.[6] |    |
| 7  | Judge Bosworth issued an order saying that "The defendants' assertions are correct with regard to his sentence" and that the minute order had been corrected.[7] |    |
| 8  | Plaintiff was released from David Wade Correctional Center on January 13, 2017.[8] |    |
| 9  | To the extent that there is a conflict between orders of the court, "the order of the last sentencing court shall control the computation of the release dates." DPS&C Regulation No. B-04-001 § 12(A).[9] |    |
| 10 | On June 26, 2015, Ms. Gryder sent De'Juan a letter, stating: "You are now serving your time flat and will full-term out on 02.28.2017. You do not have the option to refuse to release."[10] |    |
| 11 | On August 7, 2015, Ms. Gryder sent De'Juan a letter, reiterating that she will not correct his sentence without "additional information from Orleans Parish contrary to what we have."[11] |    |

---

[4] *Id*. at ¶ 6 ("Paragraph 6 is admitted.")
[5] Ex. G at Interro. 12.
[6] *Id*. at ¶ 9 ("Paragraph 9 is admitted.")
[7] Id. at ¶ 12 ("Paragraph 12 is admitted insofar as Judge Bosworth issued an order saying that "[t]he defendants' assertions are correct with regard to his sentence.")
[8] Id. at ¶ 14 ("Paragraph 14 is admitted insofar as Plaintiff was released from David Wade Correctional Center on January 13, 2017").
[9] Id. at ¶ 38 ("Paragraph 38 is admitted insofar as it contains a direct quote from DPS&C Regulation No. B-04-001 §12(A).")
[10] Id. at ¶ 45 ("Paragraph 45 is admitted.")
[11] Id at ¶ 50 ("Paragraph 50 is admitted.")

|    |    |    |
|----|----|----|
| 12 | A prisoner's due process rights extends to earned good time credits.[12] | |
| 13 | Plaintiff's correct release date was June 5, 2015.[13] | |
| 14 | Defendants are legally bound to release inmates on their correct release date.[14] | |
| 15 | On May 11, 2015, Ms. Gryder changed Mr. Thomas' release date from June 5, 2015, to February 28, 2017.[15] | |
| 16 | The sentencing order for De'Juan Thomas was clear.[16] | |

De'Juan Thomas
By and through his counsel,

/s/ William Most_____
Law Office of William Most, L.L.C.
William Most (La. Bar No. 36914)
williammost@gmail.com
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2019, a copy of *Statement of Material Facts* was filed electronically with the Clerk of Court via the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

 /s/William Most  
 William Most

---

[12] *Id.* at ¶ 79 ("Paragraph 79 is admitted insofar as a prisoner's due process rights extends to earned good time credits")
[13] *Id.* at ¶ 80 ("Paragraph 80 is admitted insofar that Plaintiff's correct release date was June 5, 2015.")
[14] Ex. B at RFA 2; Ex. C at RFA 2; Ex. D at RFA 2; Ex. A at 24 ("Q.The Department of Corrections is legally bound to release inmates on their proper release date; is that correct?. . . A. Yes.")
[15] Ex. A at 51-52 ("Q. And you recalculated his time and you changed his scheduled release date from June 5th, 2015 to a full-term release date of February 28, 2017, correct? A. Correct."); Ex. G at Int. 7.
[16] Ex. A at 55 ("Q. So this Exhibit I, the judge's Sentencing Order, is clear? A It is.")