UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DE'JUAN THOMAS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SALLY GRYDER, JAMES LEBLANC, JERRY )<br>GOODWIN, DOES 1-10, )<br>)<br>Defendants. ) | 3:17-cv-01595-SDD-EWD |

**DECLARATION OF DE'JUAN THOMAS**

I, De'Juan Thomas, of Metairie, Louisiana, declare the following:

1. I have personal knowledge of the matters stated in this declaration and could competently testify to the same if called upon to do so.

2. I am the plaintiff in the lawsuit *De'Juan Thomas v. Sally Gryder,* M.D. La. 17-cv-1595.

3. On January 25, 2013, I plead guilty and was sentenced on the three counts: Sexual Malfeasance in Prison, Sexual Battery, and Second Degree Kidnapping. The judge sentenced me to five years for malfeasance and kidnapping, and two years for the sexual battery. The sentences were to be served concurrently, with credit for time served.

4. I served my time at the David Wade Correctional Center. I took rehabilitation classes and earned good time credit. Because of the good time credit and credit for time served, my sentence was to be complete on June 5, 2015.

5. But on May 11, 2015, Ms. Gryder contacted me and informed me that she had effectively changed my sentence for sexual battery from two years to five years – and since sexual battery is not eligible for good time credit, I would not be released on June 5, 2015 as I was supposed to be.

6. I took note of it in my journal. I was deeply discouraged. But being a former U.S. Marine

1

and law enforcement officer, I set out to methodically solve the problem.

7. In May and June 2015, I mailed letters to Judges Marullo, the Clerk of Court, and the Records Department. I also spoke to Mr. Jimmerson, an inmate support staff person, about setting up a meeting with the Records Department.

8. On June 26, 2015, Ms. Gryder sent me a letter, stating: "You are now serving your time flat and will full-term out on 02.28.2017. You do not have the option to refuse to release."

9. I was not deterred, and continued to send letters and set up meetings. I asked Ms. Gryder's office for a copy of the sentence signed by Judge Marullo.

10. On July 27, 2015, I received from Ms. Gryder's office the copy of my Sentencing Order signed by Judge Marullo, which clearly stated that the sexual battery sentence was for two years.

11. I met with Ms. Gryder and showed her the Judge-signed sentencing order. Nevertheless, she refused to change my release date, pointing instead to the Bill of Information. But she told me that she would change my release date if I showed her a copy of the sentencing transcript.

12. So I set out to get the sentencing transcripts. I mailed letters to the Clerk of Court, my wife to advocate on my behalf on the outside, and also to Ms. Gryder.

13. On August 7, 2015, Ms. Gryder sent me a response letter, reiterating that she will not correct my sentence without "additional information from Orleans Parish contrary to what we have."

14. So I continued to write letters to court and to individuals working with the Department of Corrections throughout August, September, October, and November of 2015.

15. On December 14, 2015, with my letters unanswered, I filed a motion for a copy of my sentencing transcript. I also sent a letter to the Clerk of Court.

16. On March 15, 2016, having heard nothing, I sent a follow-up letter to the Court asking if they received my Motion.

17. On April 1, 2016, I filed a motion for mandamus to obtain my transcript.

18. On April 12, 2016, still hearing nothing, I wrote another letter to the Court. I continued to

send letters to other Department of Corrections and judicial officials as well.

19. On May 16, 2016, I filed a Petition to the Court of Appeal for Judgment of Illegal Sentence.

20. On July 10, 2016, I noted the 400-day mark of my overdetention.

21. On July 28, 2016, Judge Graham Bosworth of the Orleans Criminal District Court granted my Motion for Production of Documents. He also issued an order on a Motion for Correction of Illegal Sentence. In that order, Judge Bosworth held that "[t]he defendant's assertions are correct with regard to his sentence." (Emphasis added.)

22. On August 17, 2016, I sent Judge Bosworth's order to Ms. Gryder. But even though a judge had *explicitly held that I was correct about my sentence*, she would not change my release date.

23. Ms. Gryder refused to correct the release date even though DOC regulations explicitly require heeding any clarification by a court. DOC Reg. No. B-04-001 § 12(G).

24. Almost four months after Judge Bosworth's decision, I received my sentencing transcript on November 17, 2016.

25. Throughout November and December, I sent more letters and attempted to meet with Ms. Gryder regarding the sentencing transcript. She was unresponsive, and I began sending letters to a different individual in the Records Department, Brenda Acklin, about my situation and the sentencing transcript. I also sent letters to the Warden and Criminal District Court, and filed an Administrative Remedy Procedure (ARP).

26. On December 20, 2016, a Criminal District Court minute entry stated that the May 7, 2015, minute entry was in error (the minute entry that Ms. Gryder had procured). The minutes were changed to reflect the original, correct statement that my sentence for sexual battery was two years.

27. On December, 21, 2016, I met with Ms. Acklin, who informed me I would be heading home. I received an answer to my ARP two days later.

28. Almost a month after the meeting where I was told I would be heading home, I was released from prison on January 13, 2017. This was 589 days after my legal release date.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 2/4/18

De'Juan Thomas

4