## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DE'JUAN THOMAS | : | CIVIL ACTION |
| | : | NO. 17-1595-SDD-EWD |
| VERSUS | | |
| | : | JUDGE SHELLY D. DICK |
| SALLY GRYDER, ET AL. | : | MAGISTRATE JUDGE ERIN WILDER-DOOMES |

*************************************************************************

### REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, come defendants, James LeBlanc, Jerry Goodwin, and Sally Gryder, who respond to Plaintiff's *Opposition to Defendants' Motion for Summary Judgment* as follows:

### APPLICABILITY OF *HECK v. HUMPHREY*

Plaintiff first argues that defendants have waived the *Heck* defense because it was not plead in the *Answer*. However, both this Court and the Fifth Circuit have recognized that a defendant does not waive a *Heck* defense by failing to waive it in a responsive pleading, and such a defense may be made by motion at trial.[1] This argument is without merit.

Plaintiff also argues that this case does not implicate the nature and duration of his confinement, but rather involves a dispute about whether the defendants "properly carried out of the legally-mandated period of detention," which he claims does not challenge his underlying sentence.[2] Such an argument is meritless. In *Heck,* the United States Supreme Court expressly held that a plaintiff must meet the favorable termination rule where he seeks to "recover damages

---

[1] *Walker v. Munsell,* 281 Fed. Appx. 388, 389 (5th Cir. 2008)(citing *Watson v. City of New Orleans,* 275 F.3d 46, 2001 WL 1268716, * 3 (5th Cir. 2001); *See Also Aucoin v. Cupil,* 2018 U.S. Dist. LEXIS 204665, *3 fn 4 (M.D. La. 12/4/2018)(citing *Walker*), *rev'd on other grounds,* 2019 U.S. Dist. LEXIS 69068 (M.D. La. 4/22/2019).
[2] R. Doc. 62, p. 3.

1

for allegedly unconstitutional conviction or *imprisonment*, or for other harm cause by actions whose unlawfulness would render a conviction or sentence invalid."[3] The Court then stated in *Wilkinson v. Dotson* that "[i]n context, *Heck* used the word 'sentence' to refer not to prison procedures, but to substantive determinations as to the length of confinement."[4] The *Wilkinson* Court also noted that "*Heck* uses the word 'sentence' interchangeably with such other terms as 'continuing confinement' and 'imprisonment.'"[5] Although Plaintiff may try to couch his claims in terms of whether defendants "properly carried out" the sentence,[6] Plaintiff's success in this case would inherently demonstrate that, at *some point,* he was unconstitutionally confined at DWCC, implicating *Heck.*

This conclusion is supported by jurisprudence. In the Fifth Circuit case *Randell v. Johnson,* the plaintiff alleged that he was improperly deprived of credit for time served and had to serve his sentence over again.[7] The Fifth Circuit noted that "[b]ecause Randell is seeking damages pursuant to §1983 for *unconstitutional imprisonment,* and has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery[.]"[8] While Plaintiff points to the 2018 case *Grant v. Gusman*[9] and other non-circuit cases in support of his argument, federal district courts throughout Texas,[10] Louisiana,[11] and Mississippi[12] have found that *Heck* applies to plaintiff's claims of illegal imprisonment.

---

[3] *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994)(emphasis added).
[4] 544 U.S. 74, 84 (2005)
[5] *Id.*
[6] R. Doc. 62, p. 3.
[7] 227 F.3d 300 (5th Cir. 2000).
[8] *Id.*
[9] Defendants note that the *Grant* ruling contains no analysis of the *Wilkinson* language regarding the "nature or duration of confinement," nor does it appear the parties argued same. Inasmuch as Plaintiff inherently challenges the invalidity of his confinement from June 2015-January 2017 by alleging that the defendants' actions unconstitutionally lengthened the duration of his confinement, the *Grant* ruling is distinguishable.
[10] *Gurrola v. Perry,* No. 6:13-006, 2013 U.S. Dist. LEXIS 46374, *5 (S.D. Tex. 2/4/2013)(finding that where the plaintiff claimed that defendants denied him release by not crediting his sentence with earned good time, his claims were barred by *Heck*); *Redo v. BOT Warehouse Classification Dep't,* No. 4:09-679, 2009 U.S. Dist. LEXIS 51450, *6 (S.D. Tex 6/17/2009)("Because Redo has not shown that his allegedly unjust imprisonment, past his mandatary

2

Finally, Plaintiff argues that the July 28, 2016 Bosworth Order meets the favorable termination rule of *Heck*. It does not. The Order did not consider whether the nature and duration of Plaintiff's confinement was illegal or his confinement unlawful; at best, the Order can be said to be an affirmation of Plaintiff's sentence for sexual battery. Moreover, the Order does not invalidate Plaintiff's confinement because it does not address the residence plan requirement of Louisiana Revised Statute §15:574.4.3(E), which Plaintiff admits was a "legal hurdle to his release."[13]

Plaintiff's claims are barred by *Heck*.

---

supervision release date, has been set aside or declared unlawful, his complaint for damages cannot be considered until he makes such a showing.")(internal citations omitted); *Gaddis v. Beaumont,* No. 1:12-547, 2012 U.S. Dist. LEXIS 183015 (E.D. Tex. 12/3/2012)("In this lawsuit, plaintiff asserts his civil rights were violated because of an unconstitutional calculation of his sentence. If Plaintiff were to prevail in this lawsuit, such a result would imply invalidity of plaintiff's conviction or duration of his confinement."), *Rep't Adopted,* 2012 U.S. Dist. LEXIS 182462 (E.D. Tex. 11/27/2012); *Whitehurst v. Reese,* No. 06-383, 2009 U.S. Dist. LEXIS 75856, *3-5 (E.D. Tex. 6/12/2009), *Rep't Adopted,* 2009 U.S. Dist. LEXIS 75845 (E.D. Tex. 8/26/2009); *Humphrey v. Stephens,* No. 1:14-231, 2014 U.S. Dist LEXIS 43091, *7 (W.D. Tex. 3/21/2014)("Insofar as Humphrey is seeking monetary damages against defendants in their individual capacities for Humphrey's alleged illegal confinement, his claims must be dismissed pursuant to *[Heck].*"); *Householder v. Dallas County,* 2005 U.S. Dist. LEXIS 17123, *4 (N.D. Tex. 8/17/2005)("Plaintiff claims that he is being falsely imprisoned are clearly connected to the legality of his present confinement. A finding in favor of Plaintiff would imply the validity of his sentence."); *Reed v. Chief United States Marshal,* No. 3:16-1339, 2016 U.S. Dist. LEXIS 167654, *5 (N.D. Tex. 11/8/2016)("Plaintiff's claim that his sentence has been miscalculated challenges the duration of his confinement.").

[11] *Sam v. Avoyvelles Corr. Ctr.,* No. 10-1264, 2010 U.S. Dist. LEXIS 138554, *5-6 (W.D. La. 11/8/2010)("In the instant case, a judgment in Plaintiff's favor awarding money for each day of incarceration past his good time release date would necessarily imply the validity of his sentence."); *Fox v. Terrell,* No. 12-3161, 2013 U.S. Dist. LEXIS 128536, *5-6 (W.D. La. 8/7/2013)("[P]laintiff seeks monetary compensation for each day that he is wrongfully imprisoned following his "correct" release date. If the Court were to grant the damages he seeks, such ruling would necessarily implicate the validity of the challenged administrative findings in this case."); *Adger v. LeBlanc,* No. 15-390, 2016 U.S. Dist. LEXIS 182334, *6, (M.D. La. 12/6/2016)("[B]ecause Plaintiff in this case challenges the length of his present confinement and seeks release from that confinement…his §1983 claim is subject to dismissal[.]"); *Davis v. LeBlanc,* No. 16-15591, 2017 U.S. Dist. LEXIS 36185, *24 (E.D. La. 1/23/2017) ("Davis's due process claim regarding the loss of good time is connected to the validity of the subject confinement to the extent he argues that his conviction of the disciplinary charge and the sanction of losing good time impacted his release date."); *Carlisle v. Normand,* No. 16-3767, 2017 U.S. Dist. LEXIS 180057, *29, (E.D La. 10/31/2017)("Plaintiffs plainly seek damages on the grounds that their incarcerations during Drug Court were invalid. That is exactly the type of claim barred by Heck.").

[12] *Hudson v. Miss,* No. 3:15-151, 2017 U.S. Dist. LEXIS 30439, *13 (N.D. Miss 3/3/2017)("In the present case, Hudson's success in his claim for damages based on a theory of illegal incarceration would necessarily draw into question the validity of his conviction or sentence."); *Loucks v. Epps,* No. 2:12-63, 2013 U.S. Dist. LEXIS 8456, *10-11 (S.D. Miss 1/22/2013)(citing *Wilkinson,* 544 U.S. at 81-82)("If the Court were to agree and determine that MDOC is improperly denying Plaintiff earned time credits or good-time credits, such a finding 'would necessarily demonstrate the invalidity of [plaintiff's] confinement or its duration.").

[13] R. Doc. 62, p. 6; *See also* R. Doc. 62-1, item 51.

3

## QUALIFIED IMMUNITY

Plaintiff argues that because Mr. Thomas "sent" Ms. Gryder the 2016 Bosworth Order and sentencing transcript, that Ms. Gryder knew of Plaintiff's possible overdetention prior to December 2016. But the mere fact that Plaintiff may have "sent" correspondence to Gryder does not create a factual issue that Gryder actually *received* or *viewed* the correspondence. Here, Gryder testified that she did not become aware of Plaintiff's actual sentence until December 2016. Thus, Plaintiff's dispute to the contrary is basely solely on speculation and his own opinion, which does not create a genuine issue of material fact.

Plaintiff also argues that, at a minimum, Ms. Gryder should be held liable for the last ten (10) days of Plaintiff's incarceration, as Plaintiff "sat incarcerated waiting on a release memorandum from Ms. Gryder." However, the record reflects that these last days were not spent idly. Brenda Acklin testified that a state ID was needed prior to release, which was ordered on January 6, 2017[14] and received on January 11, 2017.[15] He was then processed out over the next two (2) days.[16] Even assuming that Gryder may have somehow acted negligently toward Plaintiff, these facts fail to show that Gryder acted with deliberate indifference; in fact, the record shows that Gryder issued a memorandum on January 10, 2017, a day *before* DWCC even received Plaintiff's state ID, scheduling him for release on January 13, 2017.[17]

## INJUNCTIVE RELIEF

Plaintiff argues that his claims are "capable of repetition yet evading review."[18] While the parties agree on the elements under this standard, Plaintiff must "show a 'demonstrated probability' or 'reasonable expectation,' but not a 'theoretical possibility,'" that he will be

---

[14] As Ms. Acklin testified, a State ID cannot be issued until the residence plan is approved. R. Doc. 57-4, 33:9-16.
[15] *Id,* 34:23-25.
[16] R. Doc. 57-21.
[17] Exhibit 25, attached hereto.
[18] R. Doc. 62.

subject to the same government action.[19] Plaintiff's assertion to the contrary is mired in speculation.

Here, the record evidence plainly shows that Mr. Thomas has completed his sentence, and is no longer under any type of supervision from the State of Louisiana. Although Plaintiff argues that he is subject to recidivism, Mr. Thomas testified that he has no plans to return to incarceration with the State of Louisiana.[20] Thus, speculation that he *may* be incarcerated at some point in the future fails to demonstrate the "sufficiently real and immediate" requirement of constitutional standing.[21] And, as the Supreme Court has indicated, the availability of procedures that could provide relief from wrongful conduct (such as habeas corpus) weighs against a finding of standing.[22] Plaintiff's speculation that he will be arrested, charged, convicted, sentenced to the DOC, and *then* held past his release date simply does not establish standing.

            Respectfully submitted,

            **JEFF LANDRY**
            **ATTORNEY GENERAL**

    BY:  /s/ *James G. Evans*
        James "Gary" Evans (#35122)
        Assistant Attorney General
        **Louisiana Department of Justice**
        Litigation Division, Civil Rights Section
        1885 North Third Street, 4th Floor
        Post Office Box 94005 (70804-9005)
        Baton Rouge, Louisiana 70802
        Telephone: 225-326-6300
        Facsimile: 225-326-6495
        E-mail:  evansj@ag.louisiana.gov

---

[19] *Lopez v. City of Houston,* 617 F.3d 336, 340 (5th Cir. 2010)(citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).
[20] Exhibit 17, 106:7-11.
[21] *See City of Los Angeles v. Lyons,* 461 U.S. 95, 102-103 (1983)(citing *O'Shea v. Littleton,* 414 U.S. 488, 497 (1974)).
[22] *Id.* at 103 (citing *O'Shea* at 502).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 28th day of May, 2019, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

/s/ *James G. Evans*
James G. Evans