## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DE'JUAN THOMAS** | **CIVIL ACTION NO.** |
| **VERSUS** | **17-1595-EWD** |
| **SALLY GRYDER, ET AL.** | **CONSENT CASE** |

## TELEPHONE CONFERENCE REPORT

A telephone conference was held before Magistrate Judge Erin Wilder-Doomes on November 12, 2019 to discuss Plaintiff's Motion for Attorneys Fees (the "Motion").[1]

**PRESENT:**  William B. Most                James G. Evans
Counsel for Plaintiff,          Counsel for Defendants,
De'Juan Thomas                  Sally Gryder, *et al.*

Per the Motion, plaintiff, De'Juan Thomas ("Plaintiff"), seeks to recover attorney fees expended in preparing for an October 29, 2019 settlement conference that was subsequently canceled by Judge Bourgeois.[2] The October 29, 2019 settlement conference was set at the request of the parties following an in-chambers conference.[3]

Counsel for defendants, Secretary James LeBlanc, Warden Jerry Goodwin, and Sally Gryder (collectively, "Defendants") confirmed that at this juncture, Defendants anticipated resolving this suit by trial rather than mediation. The Court asked counsel for Plaintiff to explain the specific tasks which Plaintiff's counsel undertook that would not have been done absent the scheduling of a settlement conference.[4] Counsel for Plaintiff stated that but for the scheduled

---

[1] R. Doc. 83.

[2] *See*, R. Docs. 81 & 82.

[3] *See*, R. Doc. 76. The Court ordered that by September 30, 2019, the parties either schedule a settlement conference or file a joint notice with the court advising that they did not intend to participate in a settlement conference. R. Doc. 76. Judge Bourgeois issued a Settlement Conference Order on September 27, 2019 setting a settlement conference for October 29, 2019. R. Doc. 81.

[4] To the extent certain tasks would have been completed in preparation for trial or otherwise, the Court does not believe such time would be properly recoverable by the instant Motion.

settlement conference, counsel would not have had telephone conversations with Plaintiff regarding settlement, would not have prepared a settlement position paper, and would not have put together a settlement demand package for Defendants' review.[5]

The Court took the Motion for Attorneys Fees (the "Motion")[6] under advisement. Although Defendants may file an opposition to the Motion within the regular briefing delay provided by Local Civil Rule 7, the parties are encouraged to confer regarding a possible resolution of the Motion without the necessity of court intervention.

Finally, the Court advised that the parties should also confer regarding a Joint Motion to Reschedule the Trial in this matter considering the scheduling conflict raised by Plaintiff's counsel.

Signed in Baton Rouge, Louisiana, on November 13, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Counsel stated that he sought to recover attorney fees for 4.6 hours of time. It was not clear during the November 12, 2019 telephone conference the exact proportion of this time that would have been expended even if the settlement conference had never been scheduled. Presumably, Plaintiff's counsel would have expended some amount of time reviewing quantum in similar cases and conducting legal research (such as that referenced by Plaintiff's counsel during the November 12, 2019 telephone conference regarding continuing torts) regardless of the scheduled settlement conference.

[6] R. Doc. 83.