UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DE'JUAN THOMAS                                               CIVIL ACTION NO.

VERSUS                                                       17-1595-EWD

SALLY GRYDER, ET AL.                                         CONSENT CASE

### RULING AND ORDER[1]

Before the Court is a Motion for Attorneys Fees ("Motion"),[2] filed by De'Juan Thomas ("Plaintiff"), seeking to recover attorney's fees expended in preparing for an October 29, 2019 settlement conference that was subsequently canceled. James LeBlanc ("Secretary LeBlanc"), Jerry Goodwin ("Warden Goodwin"), and Sally Gryder ("Ms. Gryder") (collectively, "Defendants")[3] oppose the Motion.[4] On November 12, 2019, the Court held a telephone conference with the parties to discuss the Motion and took the Motion under advisement.[5] For the reasons that follow, the Motion will be denied as premature without prejudice to reurging.

**I.     Background**

The factual background of this case is discussed in the Court's prior Rulings[6] and will not be reiterated here, except to the extent relevant to Plaintiff's Motion.

---

[1] On March 13, 2018, the parties filed a Consent to Proceed Before a United States Magistrate Judge averring that both parties, pursuant to 28 U.S.C. § 636(c), "waive their right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including but not limited to the trial of the case, and order the entry of judgment in the case." R. Doc. 24. Thereafter, an Order of Reference was entered by the District Judge previously assigned to this case referring this matter to the undersigned "for the conduct of all further proceedings and the entry of judgment in accordance with 28 USC 636(c)…" R. Doc. 25.
[2] R. Doc. 83. Although styled a "Motion for Attorneys Fees," the Motion also requests that Defendants be held in contempt for their "failure" to comply with an order of the Court.
[3] On November 6, 2019, Plaintiff's claims against Secretary Leblanc and Warden Goodwin were dismissed without prejudice. R. Doc. 87. However, they oppose the Motion "out of an abundance of caution." R. Doc. 92, n.1.
[4] R. Doc. 92.
[5] R. Doc. 91.
[6] *See* R. Doc. 39 (Ruling on Defendants' Motion for Summary Judgment) and R. Doc. 87 (Ruling on Plaintiff's Motion for Summary Judgment and Defendants' Second Motion for Summary Judgment). The factual background in these Rulings is incorporated here by reference.

1

On August 12, 2019, after a hearing on the parties' Motions for Summary Judgment,[7] the parties convened in chambers to discuss the possibility of scheduling a settlement conference.[8] During the conference, the parties agreed to "explore settlement."[9]

At the request of the parties, Judge Bourgeois issued a Settlement Conference Order on September 27, 2019 setting a settlement conference for October 29, 2019.[10] The Settlement Conference Order requires that the parties "submit confidential settlement papers by noon of October 22, 2019."[11] It further provides:

> Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. *Before arriving* at the settlement conference the parties are to negotiate and make a good faith effort to settle the case. A specific settlement offer, in writing, must be submitted by the plaintiff by October 15, 2019, with a brief explanation of why settlement is appropriate. If unacceptable to the defendant, a specific counteroffer, in writing, must be submitted by the defendant by October 22, 2019, with a brief explanation of why settlement is appropriate. If settlement is not achieved, plaintiff's counsel shall deliver or fax copies of all letters to Judge Bourgeois no later than noon on October 24, 2019.[12]

The October 29 settlement conference was subsequently canceled by Judge Bourgeois, based on "information [he] received in anticipation of the upcoming settlement conference" that led him to determine that the settlement conference "would not be appropriate at this time."[13]

On October 31, 2019, Plaintiff filed the Motion, seeking to recover attorney's fees his counsel expended in preparing for the October 29 settlement conference.[14] Specifically, Plaintiff

---

[7] R. Docs. 52 (Plaintiff's Motion for Summary Judgment) and 57 (Defendants' Second Motion for Summary) (collectively, "Motions for Summary Judgment").
[8] R. Docs. 75, 76.
[9] R. Doc. 76. The Court ordered that by September 30, 2019, the parties either schedule a settlement conference or file a joint notice with the court advising that they did not intend to participate in a settlement conference. *Id*.
[10] R. Doc. 81.
[11] *Id*.
[12] *Id*. at ¶ D (emphasis removed).
[13] R. Doc. 82.
[14] R. Doc. 83.

2

claims he complied with the Settlement Conference Order (1) by sending a settlement offer to Defendants, with an explanation, before October 15, 2019, and (2) by submitting a position paper to Judge Bourgeois before October 22, 2019.[15] He also claims that counsel expended time and effort preparing for the settlement conference.[16] However, Plaintiff claims Defendant "refused to comply" with the Settlement Conference Order in "three ways"[17] and offered no excuse for their "failure" to comply with the Settlement Conference Order "other than the fact that they did not wish to comply."[18] For these reasons, Plaintiff claims that Defendants are in contempt and that an order requiring Defendants to pay "reasonable" attorney's fees for preparing for the October 29 settlement conference is warranted.

Defendants do not dispute that, on the morning of October 22, 2019, they advised Plaintiff that they would not be making a counteroffer (or would make a counteroffer of $0), nor do they dispute that they requested that Judge Bourgeois cancel the settlement conference.[19] Instead, Defendants dispute Plaintiff's contention that they failed to comply with the Settlement Conference Order. Defendants claim that when they agreed to explore settlement, "the ultimate determination that no authority would be extended had not yet been made."[20] Further, Defendants claim that "as the conference approached, [Defendants'] counsel expended a significant amount of time preparing a summary of the facts and issues of this case for the State to consider during

---

[15] R. Doc. 83-1, pp. 1-2.
[16] *Id.* at pp. 1-4. Plaintiff claims his counsel worked (1) to prepare for the mediation, (2) to prepare a "good faith settlement offer based on a review of caselaw and comparable cases," and (3) to prepare a "five-page, single spaced mediation brief per this Court's order, including as an attachment a review of fifteen comparable cases (including facts, amount, amount per day, and amount per day adjusted for inflation)." *Id.* at pp. 3-4.
[17] Plaintiff claims Defendants (1) did not take any "steps to negotiate or make a good faith effort to settle prior to the conference," (2) did "not mak[e] an offer by October 22, 2019 with an explanation of why settlement is appropriate," and (3) did not submit a position paper to the Court. *Id.* at pp. 3-4.
[18] R. Doc. 83, p. 1.
[19] R. Doc. 92.
[20] *Id.* at pp. 1-2.

3

the [settlement] authorization process."[21] They also claim that their counsel "in good faith analyzed the prospect and possibility of settlement, considering the underlying facts of this case, Plaintiff's settlement offer, the (then) pending motions for summary judgment, and the very fact of the upcoming scheduled settlement conference."[22] During this process (but prior to Defendants' deadlines to respond to Plaintiff's settlement offer and to submit a position paper), "the State determined that settlement negotiations would not be meaningful, and no monetary authority was provided."[23]

On November 12, 2019, the Court held a telephone conference to discuss Plaintiff's Motion.[24] During the conference, Defendants confirmed that they anticipate resolving this matter by trial rather than by mediation or settlement conference. The Court asked Plaintiff's counsel to explain the specific tasks he undertook that would not have been done absent the scheduling of a settlement conference.[25] Plaintiff's counsel explained that he "would not have had telephone conversations with Plaintiff regarding settlement, would not have prepared a settlement position paper, and would not have put together a settlement demand package for Defendants' review."[26]

## II. Law and Analysis

To the extent the Motion seeks to have the Defendants held in civil contempt, it is not clear

---

[21] *Id.* at p. 2.
[22] *Id.*
[23] *Id.*
[24] R. Doc. 91.
[25] *Id.* As explained during the November 12 conference, to extent that certain tasks would have been completed in preparation for trial or otherwise, the Court does not believe such time would be properly recoverable by the instant Motion. *See id.* at n. 4.
[26] *Id.* at pp. 1-2. It was not clear during the November 12 conference (nor is it clear now) the exact proportion of the 4.6 hours Plaintiff's counsel claims he spent preparing for the settlement conference that would have been expended even if the settlement conference had never been scheduled. Presumably, Plaintiff's counsel would have expended some amount of time reviewing quantum in similar cases and conducting research (such as that referenced by Plaintiff's counsel during the November 12 conference regarding continuing torts) regardless of the scheduled settlement conference. *See id.* at n.5.

that Defendants failed to comply with the Settlement Conference Order.[27] That Order required the parties to submit confidential position papers by October 22, 2019.  The Order further required Plaintiff to submit a settlement demand by October 15, 2019, and required a counteroffer from Defendants by October 22, 2019 if the demand was not accepted.[28] The settlement conference was canceled by Judge Bourgeois on October 22, so neither the deadline for the position papers, nor the deadline for a counteroffer from Defendants expired.[29]  Even assuming Plaintiff can establish a violation of the Settlement Conference Order, the more appropriate time to resolve the question of whether Plaintiff should be entitled to recover fees related to Defendants' alleged failure to comply is after trial.[30]

Determination of fees should also be deferred until after trial because Plaintiff requests an award of "costs and attorney's fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, 28 C.F.R. § 35.175, and 29 U.S.C. § 794a(b)" in his Complaint.[31] Under § 1988(b), "in any action or proceeding to enforce a provision of § 1983, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."[32] The

---

[27] *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 581-82 (5th Cir. 2005)("A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect; 2) that the order required certain conduct by the respondent; and 3) that the respondent failed to comply with the court's order.")(citations omitted).
[28] R. Doc. 81.
[29] While the Court understands Plaintiff's frustration in not receiving a counteroffer to his settlement demand, Defendants are correct that Plaintiff's counsel was aware of the approval process necessary for obtaining authority to attend a settlement conference because that was discussed in chambers following the hearing on the Motions for Summary Judgment.  It seems that the alternative, to have all parties appear rather than advising a week before the conference that no authority was provided, would have caused all parties and Judge Bourgeois to expend more time and effort unnecessarily.
[30] Consideration of the Motion after trial "will enable the court to consider the appropriateness of sanctions in the context of the entire litigation." *supra*. *Hoffman v. L&M Arts*, No. 10-953, 2013 WL 12284632, at *4 (N.D. Tex. Oct. 2, 2013) (deferring ruling on the issues of sanctions until after the trial is completed, which will enable the court to consider the appropriateness of sanctions in the context of the entire litigation).
[31] R. Doc. 1, p. 18.
[32] 42 U.S.C. § 1988(b). *See also Robinson v. City of Baton* Rouge, No. 13-375, 2017 WL 223418, at *2 (M.D. La. May 22, 2017); *Martin v. Lee*, No. 06-1, 2009 WL 1075925, at *2 (M.D. La. May 18, 2009). Like § 1988(b), the other statutes and regulation cited by Plaintiff also provide the court with discretion to award "reasonable attorney's fees" to the "prevailing party." *See* 42 U.S.C. § 12205, 28 C.F.R. § 35.175, and 29 U.S.C. § 794a(b).

calculation of attorney's fees under § 1988 is a "two-step process," involving first the calculation of the "lodestar" fee [33] and then determining whether that amount "should be adjusted upward or downward based on the circumstances of the cases" after consideration of twelve factors. [34] Under Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." The motion must "be filed no later than 14 days *after the entry of judgment*," unless a "statute or court order provides otherwise." [35] The motion must also "specify the judgment and the statute, rule, or other grounds entitling the movant to the award," and "state the amount sought or provide a fair estimate of it." [36]

Plaintiff has not prevailed on his claims. If Plaintiff is successful at trial, the time and expenditures related to preparing for the canceled settlement conference can be included in a request for fees under Rule 54. [37] If Plaintiff is not successful, the request for fees as a sanction for Defendants' alleged violation a court order can be reurged. Under either scenario, the more appropriate time to decide the Motion is after trial. Accordingly, the Court will deny the Motion as premature without prejudice to reurging after trial, so it can be considered in the context of the

---

[33] The "lodestar" fee is "determined by "multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Thompson v. Connick*, 553 F.3d 836, 867 (5th Cir. 2008) (internal citations omitted).

[34] *Thompson*, 553 F.3d at 867 (5th Cir. 2008). The twelve factors to be considered are "(1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id*. (internal citations omitted).

[35] Fed. R. Civ. P. 54(d)(2)(B) (emphasis supplied).

[36] *Id*.

[37] As explained in *Lefemine v. Wideman*, a plaintiff prevails "when actual relief on the merits of [the plaintiff's] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." 568 U.S. 1, 4 (2012). *See also Sanchez v. City of Austin*, 774 F.3d 873, 879 (5th Cir. 2014). The Fifth Circuit has explained that "[e]ven nominal damages can support an award of attorneys' fees if the litigation achieved a compensable goal." *Shelton v. Louisiana State*, 919 F.3d 325, 329-30 (5th Cir. 2019) (internal citations and quotations omitted).

entire litigation.

## III. Conclusion

Accordingly,

**IT IS ORDERED** that the Motion for Attorneys Fees,[38] filed by De'Juan Thomas ("Plaintiff"), is **DENIED** without prejudice to reurging after the trial of this matter is completed.

Signed in Baton Rouge, Louisiana, on July 16, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[38] R. Doc. 83.