**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DE'JUAN THOMAS | * | CIVIL ACTION |
| VERSUS | * | NUMBER 17-cv-1595--SDD-EWD |
| | * | CHIEF JUDGE SHELLY D. DICK |
| SALLY GRYDER, ET AL | * | MAG. JUDGE ERIN WILDER-DOOMES |

**************************************

**JOINT PROPOSED JURY INSTRUCTIONS**

**NOW INTO COURT**, through undersigned counsel, come the parties to respectfully suggest the Court use the following instructions to the jury during the upcoming trial. As noted herein, there are two points on which the parties disagree: (1) whether to use a Qualified Immunity or a Constitutional Right to Liberty instruction; and (2) whether to include a Punitive Damages instruction.

5th Circuit Pattern Instructions:

## I. Preliminary Instructions (5th Circuit Patten Charges 1.1 and 1.2)

### 1.1 Instructions for Beginning of Trial

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to

communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

**1.2 Preliminary Instructions to Jury**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present [his/her/its] case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present her case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, the lawyers will make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not

shown. After closing arguments, I will instruct you on the law that applies to this case and then, finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.

It is now time for the opening statements.

II. General Instructions (5th Cir. pattern charges 2.1, 2.6, 2.8 and 2.11)

a. 2.1 – First Recess

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

b. 2.6 – Limiting Instruction (if appropriate based on events at trial)

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

c. 2.8 – Demonstrative Evidence (if any demonstrative evidence is used)

Exhibit [specify] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

d. 2.11 – Impeachment by Witness's Inconsistent Statement

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

III. Jury Charge (5th Cir. pattern charges 3.1, 3.2, 3.3, 3.4, 3.6, and 3.7)

a. 3.1 – Jury Charge

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish be- tween the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admit- ted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

b. 3.2 – Burden of Proof: Preponderance of the Evidence

Plaintiff De'Juan Thomas has the burden of proving his case by a preponderance of the evidence. To establish a fact by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff De'Juan Thomas has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

c. 3.3 – Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have

been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

d. 3.4 – Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of wit- nesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

e. 3.6 – No Inference from filing suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

IV. 42 U.S.C. §1983 (5th Cir. Pattern Charges 10.1 and 10.3) – These instructions should be read prior to Instruction 3.7 above.

a. 10.1 – 42 U.S.C. §1983

Plaintiff De'Juan Thomas claims that Defendant Sally Gryder violated the Fourteenth Amendment right of prisoners to timely release from prison.

To recover damages for this alleged constitutional violation, Plaintiff De'Juan Thomas must prove by a preponderance of the evidence that:

1. Defendant Sally Gryder committed an act that violated the constitutional right Plaintiff De'Juan Thomas claims was violated; and

2. Defendant Sally Gryder's acts were the cause of Plaintiff De'Juan Thomas's damages.

If you find that Plaintiff De'Juan Thomas has proved by a preponderance of the evidence that Defendant Sally Gryder violated Plaintiff's Fourteenth Amendment right to timely release from prison, you must then consider whether Defendant Sally Gryder is entitled to qualified immunity, which is a bar to liability.

**Defendant Proposes the Following Instruction on Qualified Immunity; Plaintiff Objects:**

b. 10.3 – Qualified Immunity

You must consider whether Defendant Sally Gryder is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if she violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officials, or those who knowingly violate the law. It is Plaintiff De'Juan Thomas's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable official could have believed that the actions taken by Defendant Sally Gryder after she knew her calculation of Plaintiff's sentence was based on inaccurate information[1] were lawful in light of clearly established law and the information Defendant Sally Gryder possessed. But Defendant Sally Gryder is not entitled to qualified immunity if, at the time of her disputed acts, a reasonable official with the same information could not have believed that her actions were lawful.

[1] Rec. Doc. 87, p. 14.

In this case, the clearly established law at the time was that a jailer is "under relatively little time pressure" and "has the means, freedom, and the duty to make necessary inquiries." "[A] defense of official immunity is available to a jailer who has acted in reasonable good faith," and "the Fifth Circuit has recognized that a determination of whether a jailer violates the Due Process Clause by unduly detaining an individual depends on 'the context of this case.'"[2]

If, after considering all of the circumstances of this case as they would have reasonably appeared to Defendant Sally Gryder at the time of her disputed actions, you find that Plaintiff De'Juan Thomas failed to prove that no reasonable official could have believed that the actions of Sally Gryder were lawful, then Defendant Sally Gryder is entitled to qualified immunity, and your verdict must be for Defendant Sally Gryder on those claims. But if you find that Defendant Sally Gryder violated Plaintiff De'Juan Thomas's constitutional rights and that Defendant Sally Gryder is not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiff De'Juan Thomas on that claim.

**Plaintiff Proposes Instead the Following; Defendant Objects:**

c. Constitutional Right to Liberty

The constitutional right at issue in this case is the right to liberty. The Fourteenth Amendment to the U.S. Constitution says that a state may not "deprive any person of life, liberty, or property, without due process of law." That means that there is a constitutional right to timely release from prison.[3] Because of that, prison employees have a duty to take steps to ensure an inmate's timely release once the inmate's sentence is complete.[4] They also have a duty to make the necessary inquiries to make sure the inmate is timely released.[5]

But an inmate's rights are not necessarily violated if they are not released the instant their sentence is complete.[6] A prison may take a reasonable time to

[2] Rec. Doc. 87, pp. 12-13 (quoting *Douthit v. Jones*, 619 F.2d 527, 535 (5th Cir. 1980); *Bryan v. Jones*, 530 F.2d 1210, 1214 (5th Cir. 1976) (en banc); and *Grant v. Gusman*, Civil Action Case No. 17-2797, 2018 WL 1532960, at * 12 (E.D. La. March 29, 2018) (additional citations omitted)).

[3] R. Doc. 87 at page 11.

[4] *Id.*

[5] *Id.* at 12.

[6] Id. at fn. 80.

complete the administrative tasks of release.[7] This reasonable time may be hours or may be days; it is up to you, the jury to decide.[8]

To find that a particular prison employee violated a plaintiff's rights, the plaintiff must show that the prison employee acted with deliberate indifference to the plaintiff's right to liberty. To show deliberate indifference here, Mr. Thomas must show that Ms. Gryder's actions, in light of the duty to ensure Mr. Thomas' timely release from prison, were objectively unreasonable.[9]

Because a prison employee has no discretion and relatively little time pressure, they are held to a high level of reasonableness as to their own actions.[10] Even a jail employee's failure to know of a court proceeding is not an adequate justification for an inmate being held too long, if the employee's actions were unreasonable.[11]

**The Parties agree on the following:**

V. Damages (5th Cir. Pattern Charges 15.1, 15.2, and 15.6)

a. 15.1 – Consider Damages only if necessary

If Plaintiff De'Juan Thomas has proved his claim against Defendant Sally Gryder by a preponderance of the evidence, you must determine the damages to which Plaintiff De'Juan Thomas is entitled. You should not interpret the fact that I am giving instructions about Plaintiff De'Juan Thomas's damages as an indication in any way that I believe that Plaintiff [name] should, or should not, win this case. It is your task first to decide whether Defendant Sally Gryder is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Sally Gryder is liable and that Plaintiff De'Juan Thomas is entitled to recover money from Defendant Sally Gryder.

b. 15.2 – Compensatory Damages

If you find that Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that he has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of his injury. If Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and

[7] Id. at fn. 80.
[8] Id. at fn. 80.
[9] Id. at 11.
[10] *Id.* at fn. 68
[11] *Id.* at 15.

suffering, and mental anguish that he has suffered because of Defendant's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff [name] has actually suffered or that Plaintiff [name] is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that De'Juan Thomas prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

c. 15.6 – Nominal Damages

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred but the plaintiff has suffered no actual loss or injury.

If you find from a preponderance of the evidence that Plaintiff sustained a technical violation of his constitutional rights caused by the Defendant but that Plaintiff suffered no actual loss as a result of this violation to the extent it was caused by the Defendant, then you may award Plaintiff nominal damages.

**Plaintiff proposes the following; Defendant objects:**

d. 15.7 Punitive Damages

If you find that Defendant Sally Gryder is liable for Plaintiff De'Juan Thomas' injuries, you must award Plaintiff De'Juan the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that Defendant Sally Gryder acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiff De'Juan Thomas has the burden of proving that punitive damages should be awarded.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award

punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff De'Juan Thomas has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Sally Gryder's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1. the reprehensibility of Defendant Sally Gryder's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Defendant Sally Gryder's conduct was motivated by a desire to augment profit;

2. 2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3. 3. the possible criminal and civil sanctions for comparable conduct.

**<u>The parties agree on the following:</u>**

e. 3.7 – Duty to Deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson] [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your [jury foreperson] must fill out the answers to the written questions on the verdict form and

sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: *s/Phyllis E. Glazer*
**PHYLLIS E. GLAZER (#29878)**
**ASSISTANT ATTORNEY GENERAL**

LOUISIANA DEPARTMENT OF JUSTICE,
LITIGATION DIVISION
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: GlazerP@ag.louisiana.gov

/s/ William Most
William Most, La. Bar No. 36914
Law Office of William Most
201 St. Charles Ave., Ste. 114, #101
New Orleans, LA 70170
(504) 509-5023
williammost@gmail.com