UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DE'JUAN THOMAS | CIVIL ACTION NO. |
| VERSUS | 17-1595-EWD |
| SALLY GRYDER, ET AL. | CONSENT CASE |

## VIDEO PRE-TRIAL CONFERENCE REPORT AND ORDER

A final pre-trial conference was held in the above-captioned proceeding by video on Thursday, November 4, 2021 with the following participants:

**PRESENT**:   **William B. Most** and **Caroline Gabriel**
Counsel for Plaintiff,
De'Juan Thomas

**Phyllis E. Glazer**
Counsel for Defendant,
Sally Gryder

The purpose of the pretrial conference was to discuss the parties' Joint Uniform Pretrial Order[1] and other issues regarding the 4-day jury trial set to begin on December 6, 2021,[2] including the parties' pending Motions in Limine.[3]

### I.   Trial Procedures, Jury Selection, and Related Issues.

The parties were advised that this case is expected to go to trial as scheduled on December 6, 2021. Counsel for both parties must arrive in the courtroom by no later than 8:30 a.m. each day of trial (including jury selection), unless instructed otherwise.

The parties were also advised that jury selection will take place on Friday, December 3, 2021 or Tuesday, December 7, 2021, considering the Court's current COVID-19 protocols, including social distancing, and the number of other jury trials occurring the week of December 6. The parties agreed to conduct jury selection on Friday, December 3, 2021 beginning promptly at 9:00 a.m. Because jury selection will begin on Friday, jury summonses will be issued to 30 prospective jurors instead of the normal 20 prospective jurors. 6 jurors and 1 alternate will be selected. Each party will have 3 peremptory challenges.

Regarding jury selection, the Court explained how Courtroom 5 will be arranged for jury selection and for trial due to COVID-19 protocols. Each party will be permitted only 2 persons seated at counsel table during jury selection, which may be some combination of counsel, client,

---

[1] R. Doc. 154.
[2] R. Doc. 145.
[3] R. Docs. 112, 113.

cv28aT1:30

and/or other legal professional.[4] Lastly, all persons in Courtroom 5 for jury selection and trial, including Court staff, jurors—prospective or seated, the parties, counsel, witnesses, and spectators, will be required to wear masks at all times, except (a) prospective jurors may wear face shields during *voir dire* and (b) witness will wear face shields while on the witness stand.[5]

Opening statements will be limited to 20 minutes per party.

## II.   Ruling and Order on the Motions in Limine.

The parties discussed the pending Motions in Limine,[6] which are fully briefed.[7] For the reasons explained during the conference and below, the undersigned ruled on the Motions in Limine as follow:

    A.   *Plaintiff's Motion*.[8] In his Motion, Plaintiff seeks to exclude any and all evidence, testimony, and argument, as well as redaction from exhibits, relating to:

        1.   *The Name of the Crimes for which Plaintiff was Convicted on January 25, 2013*. The motion as to this issue is **DENIED AS MOOT** based on the parties' agreement. Specifically, the parties agreed not to refer to the names of the crimes for which Plaintiff was convicted on January 25, 2013 during trial. Instead, the parties will refer to the crimes using Louisiana Revised Statute numbers only (*e.g.*, La. R.S. § 14:44.1, etc.). Additionally, because the proposed exhibits previously submitted by the parties still contain references to the name of the crimes, the parties were advised that they will need to resubmit the proposed exhibits through JERS with the name of the crimes redacted per the parties' agreement.

        2.   *Plaintiff's Status as a Sex Offender and His Obligation to Register as Same*. The motion as to this issue is **GRANTED**. The parties are not permitted to argue, reference, introduce documents, or elicit testimony referencing Plaintiff's sex offender status, his obligation to register as a convicted sex offender, or that Plaintiff had additional pre-release requirements because he was a sex offender, as such references, argument, testimony, or evidence are more prejudicial that probative under Fed. R. Evid. 403. However, the parties may refer to, argue, introduce evidence, or elicit testimony regarding the pre-release requirements applicable to Plaintiff under one or more of the

---

[4] At this point, there was some discussion regarding whether Plaintiff De'Juan Thomas and/or Defendant Sally Gryder will be present at counsel table during jury selection. After explaining that Defendant is unable to attend jury selection, Defendant's counsel requested a special jury instruction about this not being held against Defendant should Plaintiff elect to attend jury selection. Plaintiff's counsel indicated that it will likely just be counsel present during jury selection; however, they are going to discuss this issue with Plaintiff and advise Defendant's counsel and the Court.
[5] Depending on the needs of the court reporter, counsel may be requested to wear face shields during questioning of witnesses.
[6] R. Doc. 112 (Plaintiff's Motion in Limine); R. Doc. 113 (Defendant's Motion in Limine) (collectively, the "Motions in Limine"). Several issues raised in the Motions in Limine were previously discussed during the initial pretrial conference held on July 22, 2021. *See* R. Doc. 111, § 2.
[7] R. Doc. 114 (Plaintiff's Opposition to Defendant's Motion); R. Doc. 115 (Defendant's Opposition to Plaintiff's Motion); R. Doc. 120 (Plaintiff's Reply in Support of his Motion); R. Doc. 121 (Defendant's Reply in Support of her Motion).
[8] R. Doc. 112.

        statutes for which he was convicted. For example, the parties may elicit testimony that Plaintiff had to obtain a state ID and residence plan because of his conviction under a particular statute—referenced by statute number only—before he could be released.

    3.    *Any Other Crimes, Wrongs, or Acts, Including Other Criminal Arrests or Convictions and Plaintiff's Prison Disciplinary Records*. This issue will be **DEFERRED** until trial, so it may be addressed with proper foundation and context.[9]

    4.    *Evidence or Argument that More than Forty-eight Hours is a "Reasonable" Time for the Administrative Tasks of Release*. The motion as to this issue will be **DENIED**. Although Plaintiff cites a few cases for this issue, none of those cases are from the Fifth Circuit, nor are they particularly persuasive as they are highly fact-specific and do not appear to arise under the same facts present here. As there is no definitive jurisprudential or statutory rule governing the length of time that is reasonable to complete administrative tasks relative to release, this issue is for the trier-of-fact to decide.

B.    ***Defendant's Motion***.[10] In her Motion, Defendant seeks to exclude certain witnesses and exhibits, as well as certain other issues, including:

*Witnesses*

    1.    *Jerry Goodwin*. The motion as to this issue is **DENIED AS MOOT** based on the parties' agreement that Jerry Goodwin will be removed from Plaintiff's witness list and will not be called at trial.

    2.    *Angela Whittaker*. The parties discussed the relevancy of Angela Whittaker's testimony. Ms. Whittaker was deposed as the Rule 30(b)(6) representative of dismissed defendant, Department of Public Safety and Corrections ("DPSC"), relating to Plaintiff's now-dismissed "pattern and practice" claim.[11] The relevance of Ms. Whittaker's testimony after the Court's ruling granting defendants' motion for summary judgment and dismissing Plaintiff's "pattern and practice" claims against the State of Louisiana ("State") and DPSC is unclear.[12] Further, because Gryder is the only remaining defendant, any "pattern or practice" evidence or testimony must relate solely to her "pattern or practice," not that of the State, DPSC, or any other person/entity. Plaintiff's counsel will review Ms. Whittaker's testimony and, if her testimony is only related to the pattern or practice of the dismissed defendants (or others), Plaintiff will remove Ms. Whittaker

---

[9] During the discussion of this issue, the Court noted that evidence of Plaintiff's other crimes, etc. does not appear particularly relevant to the issues remaining for trial, although a prior conviction could be relevant, *e.g.*, to Plaintiff's claim for emotional distress. While the fact of prior arrest, conviction, or incarceration may be relevant and admissible under the Federal Rules of Evidence, particular reference to other crimes will likely not be permitted, although this issue is deferred.

[10] R. Doc. 113.

[11] This discussion was also relevant to Six Sigma Report listed by Plaintiff as a potential exhibit.

[12] *See* R. Doc. 87.

       from Plaintiff's witness list and will not call her to testify at trial. Thus, this issue is **DEFERRED**.

3. *Karen Thomas*. Defendant asks that the testimony of Karen Thomas—Plaintiff's wife—be excluded because she was not listed as a potential witness on Plaintiff's initial disclosures and because her testimony is not relevant. Plaintiff noted that Ms. Thomas has been on Plaintiff's witness list since July 2020, so Defendant had notice of Plaintiff's intention to call her as a witness. Defendant responded that Ms. Thomas's being listed as a potential witness was after the close of discovery. Because Defendant had notice of Plaintiff's intention to call Ms. Thomas, whose testimony may be relevant to issues remaining for trial, such as Plaintiff's emotional distress, the motion as to this issue is **DENIED**. However, to the extent Defendant wishes to depose Ms. Thomas, Plaintiff is **ORDERED** to make Ms. Thomas available for deposition at a mutually agreeable date and time before trial.

*Exhibits*

1. *Plaintiff Exhibit 4 (2015 Weekly Planner)*. Plaintiff's 2015 Weekly Planner is hearsay, does not appear relevant to the time period at issue at trial, and could confuse the jury, however, the motion as to this exhibit will be **DEFERRED** until trial, so it may be addressed with the proper foundation and context.

2. *Plaintiff Exhibits 5-10, 34 (Letters to Defendant and/or Other Parties)*. While these exhibits appear to relate to the background of this matter, they also appear to be outside to the time period relevant for trial. Accordingly, the motion as to these exhibits will be **DEFERRED** until trial, so they may be addressed with the proper foundation and context. However, because the Court has already determined that Defendant's actions prior to August 2016 were reasonable and dismissed Plaintiff's claims relating to same, the Plaintiff should consider whether to use these exhibits at trial.[13]

3. *Plaintiff Exhibit 14 (Draft of Plaintiff's ARP)*. The motion as to this exhibit is **DENIED AS MOOT** based on the parties' agreement to remove Exhibit 14 because Plaintiff's certified ARP record, including this ARP (Exhibit 24), is already listed an exhibit.

4. *Plaintiff Exhibits 26, 27, 32 (DPSC E-mails and Documents)*. After a brief discussion about whether these exhibits are cumulative, the parties agreed to review these exhibits to determine whether they are duplicative and, if so, remove them. Thus, all objections as to the admissibility of these

---

[13] During the discussion of these exhibits, the parties and the Court discussed potential ways to handle these exhibits at trial. For example, to the extent Plaintiff elects to use these exhibits at trial, the Court may provide the jury with a special instruction that Defendant was determined not be liable for any of Plaintiff's claims pre-dating August 2016 or something similar, upon Defendant's request. Conversely, if these exhibits are not used, then there is no need for a special instruction.

       exhibits, to the extent they are nonduplicative, will be **DEFERRED** until trial.

5. *Plaintiff Exhibit 33 (Defendant's Application & Performance Appraisals)*. Plaintiff's counsel explained that this exhibit is listed "just in case" it is needed at trial. To the extent this exhibit, or any portion thereof, is relevant, Plaintiff will be given, at most, little leeway to use this exhibit at trial. Thus, all objections as to the admissibility of this exhibit will be **DEFERRED** until trial.

6. *Plaintiff Exhibits 35-38, 48, 449 (Depositions)*. As a general proposition, use of depositions as exhibits will not be permitted at trial; however, the parties may use deposition transcripts for impeachment or other purposes consistent with the Federal Rules of Civil Procedure.

7. *Plaintiff Exhibit 39, 42 (Defendant's Reponses to Request for Admission and Interrogatories)*. As a general proposition, introduction of these exhibits will not be permitted at trial; however, the parties may use the discovery responses for impeachment or other purposes consistent with the Federal Rules of Civil Procedure.

8. *Plaintiff Exhibit 40 (Dismissed Defendants' Responses to Interrogatories)*. The motion as to Exhibit 40 is **GRANTED** because it is not relevant considering that the State and DPSC are no longer defendants in this case.

9. *Plaintiff Exhibit 46, 47 (2012 Six Sigma Report, 2017 DSN Grant)*. Because Plaintiff's "pattern and practice" claim against the State and DPSC has been dismissed, and for the reasons discussed in relation to Ms. Whittaker above, the motion as to these exhibits is **GRANTED IN PART AND DEFERRED IN PART**. The exhibits will be excluded to the extent they related to any "pattern or practice" of the State, DPSC, or any person/entity other that Defendant. However, to the extent these exhibits relate to a "pattern or practice" of Defendant, all objections as to the admissibility of these exhibits will be **DEFERRED** until trial.

10. *Plaintiff Exhibit 50 (Plaintiff's Declaration)*. The motion is **GRANTED** as to Exhibit 50 because Plaintiff will testify at trial.

*Miscellaneous Issues*

1. *Indemnification of Defendant by the State*. The motion as to this issue is **DENIED AS MOOT** based on the parties' agreement not to reference indemnification during trial unless and until evidence or testimony about any hardship a jury verdict would cause for Defendant is presented at trial.

2. *Pattern and Practice*. Defendant seeks to exclude reference, argument, testimony, or evidence of a "pattern and practice" of over-detention, any alleged responsibility or liability of the State and/or DPSC, and/or any alleged instances of over-detention other than Plaintiff's alleged claim. This

5

    issue has been previously discussed and will be handled in the same manner at trial. *See* Sections II.B.2 (under "Witnesses") and II.B.9 (under "Exhibits") above.

  3. *Personal Involvement of Plaintiff's Counsel*. Defendant also seeks to exclude any mention of personal involvement by Plaintiff's counsel in "facts and circumstances preceding Plaintiff's release from custody and counsel's personal involvement in the facts and circumstances of the detentions of other offenders." The motion as to this issue is **DENIED AS MOOT** based on Plaintiff's counsel's representation that no testimony or evidence on this issue will be presented at trial.

  4. *Liability for Entire Period of Alleged Unlawful Detention*. Defendant seeks to exclude reference, argument, evidence, or testimony that Defendant or the State or DPSC is liable for the whole of Plaintiff's alleged unlawful detention. This issue has been previously discussed and will be handled in the same manner at trial. *See* Section II.B.2 (under "Exhibits"). However, the parties had some additional discussion about this issue. Plaintiff's counsel indicated that they may mention the full length of Plaintiff's alleged over-detention in the opening statement. Plaintiff's counsel was reminded that if the full length of Plaintiff's alleged over-detention is discussed, that may warrant a limiting instruction to the jury.

**III.** **Miscellaneous Pretrial Issues**.

 A. **Courtroom Technology**. The parties should familiarize themselves with the technology in Courtroom 5 prior to the start of trial. More information about this technology is available on the Court's website,[14] and training can be scheduled, if necessary, by contacting Brandy Route, Courtroom Deputy, at (225) 389-3584.

 B. **Exhibits**. The parties were advised to minimize the number of exhibits to the greatest extent possible, including through listing and submitting exhibits jointly, where possible. As previously discussed, the parties will need to redact and resubmit all exhibits throughs JERS by no later than November 26, 2021. Additionally, unless instructed otherwise, the parties do not need to submit hardcopy bench books or PDF copies of their exhibits.

 C. **Jury Instructions**. The parties discussed their respective, proposed jury instructions, including:

  1. *Punitive Damages*. Defendant contends that Plaintiff has not pleaded punitive damages, much less in conformity with Fed. R. Civ. P. 9(g). Plaintiff countered that punitive damages are available against individual defendants under 42 U.S.C § 1983 and noted that Plaintiff asked for

---

[14] *See* https://www.lamd.uscourts.gov/courtroom-technology.

    "special damages" in his Complaint and mentioned punitive damages "for a while."

  2. <u>Quality Immunity and Deliberate Indifference</u>. The parties discussed how these issues may be presented to the jury, and Plaintiff's counsel suggested that pretrial resolution of these issues may be helpful. The parties also discussed whether the Fifth Circuit Pattern Jury Instructions on these issues are sufficient.

  The Court provided some guidance on these issues but advised that all jury instruction-related issues will be decided before or during the charge conference.

  3. *Trial Memoranda*. The parties were instructed not to file pretrial memoranda.

Accordingly,

**IT IS ORDERED** that jury selection will occur on **Friday, December 3, 2021 at 9:00 a.m.** Counsel for all parties is **ORDERED** to be present in Courtroom 5 by no later than **8:30 a.m.** for jury selection and each day of trial, unless instructed otherwise.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine,[15] is **GRANTED** in part, **DENIED AS MOOT** in part, **DENIED** in part, and **DEFERRED** in part as more fully explained in this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine,[16] is **GRANTED** in part, **DENIED AS MOOT** in part, **DENIED** in part, and **DEFERRED** in part as more fully explained in this Order.

**IT IS FURTHER ORDERED** that based on the parties' agreement, the parties shall redact all references to the name of the crimes for which Plaintiff was convicted in their exhibits—joint or otherwise—and resubmit those exhibits through JERS by no later than **November 26, 2021**.

**IT IS FURTHER ORDERED** that all issues related to the parties' proposed jury instruction will be decided before or during the charge conference, which will be set during the trial.

  Signed in Baton Rouge, Louisiana, on November 16, 2021.

                    **ERIN WILDER-DOOMES**
                    **UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 112.
[16] R. Doc. 113.